UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL H. DEMONJA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:21-CV-305-JEM |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Michael H. Demonja on September 30, 2021, and Plaintiff's Brief [DE 17], filed March 10, 2022. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 20, 2022, the Commissioner filed a response, and Plaintiff filed his reply on May 19, 2022. For the following reasons, the Court remands the Commissioner's decision.

**I.      Background**

On January 22, 2019, Plaintiff filed an application for benefits alleging that he became disabled on September 19, 2018. Plaintiff's application was denied initially and upon consideration. On July 9, 2020, Administrative Law Judge ("ALJ") Robert Long held a hearing at which Plaintiff, along with a vocational expert ("VE"), testified. On February 25, 2021, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity from September 19, 2018, the date of alleged onset, through December 31, 2018.

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; obesity; and L5 radiculopathy.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 2o CFR 404.1567(b), as the claimant could lift, carry, push and/or pull twenty (20) pounds occasionally and up to ten (10) pounds frequently; stand and/or walk about six hours in an eight hour workday; and sit about six hours in an eight hour workday. The claims could occasionally climb ladders, ropes, scaffolds, ramps, and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. The Claims has to avoid hazards, such as unprotected heights or moving mechanical parts.

6. The claimant is unable to perform any past relevant work.

7. The claimant was an individual closely approaching advanced age on the date last insured.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant is not disabled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 19, 2018 through December 31, 2018, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 10]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow

the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in relying on stale opinions of the non-treating state agency medical professionals and by failing to incorporate a limitation he concluded was credible into his residual functional capacity ("RFC") or hypothetical posed to the VE. The Commissioner argues that there is substantial evidence in the record to support the ALJ's conclusions.

Plaintiff argues that the non-examining state agency medical professionals, whose opinions the ALJ found persuasive in determining Plaintiff's RFC, did not consider relevant evidence about Plaintiff's medical limitations prior to issuing the opinion. In particular, he points to an electromyography-nerve conduction velocity study ("EMG") dated August 13, 2019, that shows Plaintiff's bilateral "chronic left L5 radiculopathy" and May 2019 imaging showing that his L4-L5 have "moderate severe" narrowing of the spinal canal. The Commissioner argues that the tests both postdated Plaintiff's last insured date, and post-insured date medical records show re-aggravation of prior back issues after the date Plaintiff was last insured. The ALJ explained that "[f]or purposes

of this decision, evidence prior to December 31, 2018 is considered probative." However, while not necessarily "probative," later evidence can be relevant. *See Parker v. Astrue*, 597 F.3d 920, 925 (7th Cir. 2010) (the ALJ must "consider all relevant evidence, including the evidence regarding the plaintiff's condition at present"); *Wilder v. Apfel*, 153 F.3d 799, 802 (7th Cir. 1998) (finding that medical opinions submitted after the date last insured were relevant). In this case, imaging in May 2019 showed narrowing of Plaintiff's L5-S1 disc, an EMG conducted in August, 2019 showed bilateral median neuropathies, and a December 2019 MRI showed "canal narrowing most notable at L4-L5, moderate severe." AR 317, 500, 523. The ALJ found that Plaintiff suffered from L5 radiculopathy but failed to explain his conclusion that the state agency consultants' opinions were persuasive despite the fact that they had not considered those tests. The ALJ apparently used his own medical judgment to determine that those post-insured date tests did not reflect impairments existing during the three-month period of purported disability, despite the requirement to consider relevant post-last-date-insured medical imaging to understand whether the impairments existed while insured. *See McHenry v. Berryhill*, 911 F.3d 866, 871-872 (7th Cir. 2018). Instead of submitting the MRI and EMG to trained professionals, the ALJ either interpreted them himself or completely dismissed them, as they are not adequately addressed in his opinion. As Plaintiff argues, an ALJ is required to rely on expert opinions and should not determine the significance of medical tests himself. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *Israel v. Colvin*, 840 F.3d 432 (7th Cir. 2016) ("there is always a danger when lawyers and judges attempt to interpret medical reports and that peril is laid bare here"); *Browning v. Colvin*, 766 F.3d 702, 705 (7th Cir. 2014) (noting that administrative law judges are not permitted to "play doctor"). An ALJ may not give "uncritical acceptance" of state-agency medical professionals when the ALJ "failed to submit

[the imaging] to medical scrutiny, as he should have done since it was new and potentially decisive medical evidence." *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014); *see also Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000) ("ALJ may not conclude, without medical input, that a claimant's most recent MRI results are 'consistent' with the ALJ's conclusions about her impairments.") (citing *Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018)).

This case is being remanded for a new RFC that fully incorporates all of Plaintiff's limitations, as determined through adequate consideration of the medical records. On remand, the ALJ is reminded to consider and properly weigh all the medical evidence and opinions in the record, and to have the available medical records reviewed by the state agency professionals. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to his conclusion. The ALJ is reminded that "[w]hen an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004).

## VI.   Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 22nd day of August, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:  All counsel of record